36 C.C.P.A.(Patents)

## Application of POPE.
## Patent Appeal No. 5517.

United States Court of Customs
and Patent Appeals.
March 1, 1949.

Evans & McCoy, of Cleveland, Ohio (Frank S. Greene, of Cleveland, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 1 and 2 in appellant's application for a patent for alleged new and useful improvements "in Twister Ring Lubricating Device."

The appealed claims are drawn to a method of lubricating reciprocating traveler rings of twisting machines, and were rejected as lacking invention over the prior art of record. Ten claims, directed to the device, have been allowed.

The appealed claims read as follows:

"1. The method of lubricating a reciprocating traveler ring of a twisting machine which comprises forcing a minute measured quantity of a plastic solid lubricant through the ring to its inner face at intervals timed with respect to the reciprocating movements of the ring.

"2. The method of lubricating a reciprocating traveler ring of a twisting machine which comprises maintaining a body of lubricant exteriorly of the ring and an unbroken column of a plastic solid lubricant from said body to the inner face of the ring, and forcing a minute measured quantity of lubricant from said body into the column at intervals timed with respect to reciprocating movements of the ring to cause a corresponding quantity of lubricant to flow to the inner face of the ring."

The references are: Boyd 845,510 Feb. 26, 1907; Banfield, Jr., et al. 2,005,725 June 25, 1935; Stahl 2,233,460 Mar. 4, 1941.

Appellant's application relates to the lubrication of a spinner or traveler ring used in the high-speed spinning of yarn. In his brief it is pointed out that the success of his method is due to the intermittent delivery of minute measured quantities of solid plastic lubricant to the inner bearing face of the ring. The solid plastic lubricant employed, as described in appellant's specification, is "such as a high melting point grease."

The patent to Boyd relates to rings and travelers, which are used in spinning, twisting, and analogous machines. It has for its

object the more convenient manipulation and lubrication of such machines. One part of the invention refers to the lubrication of rings and travelers. In carrying out his method, Boyd fixes the ring in a ring rail, upon which he forms a chamber with a screwed plug. From the chamber he bores a hole through the ring rail and the ring, and by means of a screwed plug he forces the lubricant into the ring. The patentee does not state that the lubricant employed by him consists of grease.

The patent to Banfield, Jr., et al. relates to spinning and twister frames of the ring type and to the lubrication thereof. It was customary, according to the specification, for the machine attendant in some cases to apply grease to the rings of the twister frames, "individually," while the frame was running. This was "done by stopping the spindles one at a time by means of the knee brake and wiping a small quantity of grease on to the inner surface of the ring by hand."

Lubrication of the rings in the manner described was unsatisfactory for many reasons and, as the specification further states, the patentees devised an automatic apparatus which "When the twister frame is in operation the apparatus * * * operates automatically to deliver oil in approximately predetermined quantities and at predetermined intervals to all of the rings in the ring rail of the machine." For the purpose of lubricating the rings, oil or other lubricating material was delivered from a common source, and a pump was provided with mechanism for operating the pump intermittently from the driving mechanism of the twister frame.

The patent to Stahl relates to a ring assembly, and more particularly to a ring assembly for use in the high-speed spinning and twisting of yarns, "in which the supply of lubricant to the bearing surface is so controlled that neither loss of lubricant nor soiling of the yarn will occur." A reservoir holds the main supply of oil, and a suitable baffle is provided in order that the oil in the reservoir is not disturbed by air. As described in the specification, the oil from the reservoir is forced toward the bearing of the spinning ring by a piston. The

length of the piston may be adjusted by a screw provided for that purpose. It is also specified that other means may be utilized for actuating the piston, "since any other movement which regularly or intermittently depresses the piston will force the lubricant through the connecting ducts and out on to the bearing surface."

The examiner rejected claim 1 as unpatentable over the patent to Stahl on the ground that the operation described in the patent would meet the method defined in the claim. The examiner rejected the claim on the further ground that the patent to Boyd discloses a lubricator of a type widely used for dispensing solid lubricant, and that a turn of the screw described in the specification thereof would force some lubricant to the inner face of the ring. That step, the examiner held, could be performed manually by the operator during reciprocation of the ring rail and would be timed with the reciprocation, thereby meeting the method defined in claim 1.

After pointing out that in a method claim the kind of lubricant employed is immaterial, the examiner also held that only mechanical skill would be involved in substituting the pump as embodied in the disclosure of the patent to Stahl for the chamber with the screwed plug as disclosed in the patent to Boyd.

The examiner also rejected claim 1 as unpatentable over the disclosure of the patent to Boyd in view of the disclosure of the patent to Banfield, Jr., et al. His decision on the point reads: "Banfield, Jr. et al. teaches also the operation of forcing measured quantities in timed relation to the reciprocation of the ring, since the pump is driven from the cam shaft of the builder motion. * * * From this it seems clear that any mechanic could provide means to operate the lubricator of Boyd from the machine, in timed relation to the receprocation [sic] of the ring."

Claim 2 has the additional limitation of maintaining a body of lubricant exteriorly of the ring and an unbroken column of a plastic solid lubricant from said body to the inner face of the ring. The claim was rejected by the examiner on the ground that this feature was present in the patent to

Boyd, and that the remainder of the claim was unpatentable for the reasons hereinbefore explained in the rejection of claim 1.

The Board of Appeals reviewed the grounds of rejection stated by the examiner and found no error in his decision. Accordingly, it was affirmed. On a petition to the board for reconsideration, an affidavit was submitted on behalf of appellant which stated that the lubricator shown in the disclosure of the patent to Boyd was inoperative and would not work with a solid lubricant. The board held that the affidavit, at best, failed to establish inoperativeness of the Boyd device in the manner relied upon by the examiner, and accordingly denied the petition with respect to making any change in the board's original decision.

The plastic solid lubricant called for by the claims does not distinguish them from the grease disclosed in the patent to Banfield, Jr., et al. Furthermore, the application of such lubricant through the ring to its inner face is definitely suggested by the disclosure of the prior art as represented by the patents to Boyd and Banfield, Jr., et al.

With respect to appellant's contention that no reference of record suggests the idea of feeding a minute measured quantity of the lubricant to the inner face of the ring at timed intervals, it is only necessary to observe, as hereinbefore set forth, that in the patent of Banfield, Jr., et al., the lubricating material was automatically delivered in approximately predetermined quantities and at predetermined intervals; and that the piston disclosed in the patent to Stahl "regularly or intermittently" performs the same function and "is so controlled that neither loss of lubricant nor soiling of the yarn will occur."

As correctly pointed out by the Solicitor for the Patent Office, "Predetermining the quantity of lubricant of necessity imposes upon the operator the determination of how much lubricant to use," and that one skilled in the art and following the teachings of the process defined by the patent to Banfield, Jr., et al., may find that a little lubricant may be sufficient for the required step, if applied often enough.

The solicitor concedes, as appellant contends, that ordinarily, claims to a process can be anticipated only by a similar process. The solicitor takes the position, however, and there is merit in it, that the question here in issue is not one of anticipation, but of invention over the disclosure of the prior art; that in negativing patentability of a claimed process, more than one reference may be used to show that the claimed steps are old and that no invention was involved in' combining them; and that an apparatus disclosure in the prior art, with no description whatever of any process, may negative patentability of a claimed process if the inherent operation of the apparatus carried out the process.

Each of the references cited by the tribunals of the Patent Office relates to an apparatus, but also discloses many steps of process in discussing means for performing the respective functions of the apparatus. In so far as those disclosed steps anticipate or suggest the steps of the process defined in the appealed claims, they constitute a valid reference with respect thereto.

A careful analysis of the evidence submitted in the record leads to the conclusion that no error was made by the board in its disposition of the appealed claims. In view of that conclusion, it is deemed unnecessary to discuss other points to which counsel have directed their respective arguments, and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.